Opinion issued May 1, 2003




                                                                                                                                              

 



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00752-CR
____________

MICHAEL RAY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 901330



 
CONCURRING OPINION
               I agree that the prevailing law requires a finding of automatic harm when
a criminal defendant’s request for a lesser included offense is erroneously refused. 
See Saunders v. State, 913 S.W.2d 564, 571-72 (Tex. Crim. App. 1995) (recognizing
an exception only where another lesser included offense was submitted). 
Nevertheless, I write to explain that a rule of automatic harm is not only antithetical
with the basic principles established by Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1984) and Arline v. State, 721 S.W.2d 348 (Tex. Crim. App. 1986), but
also produces an absurd result when applied to the facts of this case.
               The rationale for the automatic harm rule comes from Beck v. Alabama, 447
U.S. 625, 100 S. Ct. 2382 (1980). See Saunders, 913 S.W.2d at 571. The danger to
be avoided is placing a jury on the horns of a dilemma in which, though believing the
defendant to have committed some crime, being given only the options of finding the
defendant guilty of a greater offense or not guilty at all, the jury may have chosen to
find him guilty of the greater offense, rather than acquit him altogether, even though
having a reasonable doubt of the defendant’s guilt of the greater offense. Beck, 447
U.S. at 634, 100 S. Ct. at 2388.
               The Court of Criminal Appeals recognized in Saunders a critical distinction
for those cases in which the Beck rationale did not apply because another lesser
included offense was submitted, obviating the jury from making the all-or-nothing
choice. Saunders, 913 S.W.2d at 572. The result was to analyze harm under
Almanza. See id. at 574.
               This case presents the situation where, even though there is a scintilla of
evidence raising the issue of guilt of the lesser offense, thereby requiring submission
of the lesser included offense, the evidence is so overwhelming that the value of the
vehicle was more than $20,000 that no rational jury would have found appellant
guilty of only the lesser included offense. Under these circumstances, the rationale
of Beck v. Alabama is also not applicable.
               Accordingly, I would urge the Court of Criminal Appeals to reconsider the
applicability of the automatic harm rule to cases, such as this one, where the
likelihood of a jury finding the defendant guilty of the lesser included offense is
negligible, i.e., in terms of Almanza and Arline—amounting to only theoretical, but
not actual harm.
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Justice Nuchia concurring.

Publish. Tex. R. App. P. 47.2(b).